UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET O'MEARA,<br><br>    *Plaintiff*,<br><br>v.<br><br>RYAN D. MCCARTHY, Secretary, U.S. Department of the Army,<br><br>    *Defendant*. | No. 19-cv-2130 (DLF) |

**MEMORANDUM OPINION**

Janet O'Meara brings this action against Ryan D. McCarthy in his official capacity as the Secretary of the United States Department of the Army ("the Army"),[1] asserting various claims, including several under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*; *see* Am. Compl. ¶¶ 74–127, Dkt. 7. Before the Court is the Army's Renewed Motion to Dismiss or to Transfer Venue under 28 U.S.C. § 1406(a). Dkt. 13. For the reasons that follow, the Court will grant the motion and transfer this case to the Eastern District of Virginia.

I. **BACKGROUND**[2]

    A. **Factual Background**

In May 2014, Janet O'Meara, a thirty-year federal employee, began working as a senior procurement analyst for the United States Army Corps of Engineers and was stationed in

---

[1] When this suit began, Mark T. Esper was the Secretary of the Army. When Ryan D. McCarthy became the Secretary, he was automatically substituted as the proper defendant. *See* Fed. R. Civ. P. 25(d).

[2] Because the Court, in resolving a motion under Rule 12(b)(3), must treat the plaintiff's "well-pled factual allegations regarding venue as true," *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d

Alexandria, Virginia. Am. Compl. ¶¶ 1, 7. O'Meara has been diagnosed with generalized anxiety disorder, bipolar disorder, and attention deficit disorder. *See id.* ¶¶ 1, 20. In 2015, she had a severe reaction at work after an adjustment to her medication, and coworkers found her sitting on the floor disoriented, cleaning persistently around her workspace. *Id.* ¶¶ 1, 24. Following this incident, O'Meara alleges that she was mistreated by her supervisors and coworkers, *id.* ¶¶ 28–36, which led her to file an Equal Employment Opportunity (EEO) complaint in July 2015, *id.* ¶ 37. In response to her complaint, an EEO counselor met with O'Meara and her immediate supervisors, and eventually brokered a teleworking agreement as a temporary solution. *Id.* ¶¶ 21, 38–39. But O'Meara alleges that her supervisors failed to honor this teleworking agreement, and forced her to provide excessive work updates whenever she was permitted to telework. *Id.* ¶¶ 48–49.

In September 2015, O'Meara filed a formal complaint with the Army Corps of Engineers' EEO office. *Id.* ¶ 15. In that complaint, O'Meara asserted claims of "disability discrimination, workplace harassment, retaliation for filing an EEO complaint, failure to accommodate, and failure to engage in the interactive process." *Id.* O'Meara alleges that her working conditions aggravated her underlying medical conditions, which required her to take medical leave on multiple occasions. *See, e.g.*, *id.* ¶¶ 55, 63. O'Meara also claims that the Army failed to address her written accommodation and transfer requests, *id.* ¶¶ 56, 65, or act on her Family Medical Leave Act application, *id.* ¶¶ 65–67, 69. In September 2017, O'Meara was removed for excessive absences. *Id.* ¶¶ 72–73.

---

274, 276 (D.D.C. 2002), the facts relevant to this motion are drawn solely from O'Meara's Amended Complaint.

### B.     Procedural History

O'Meara filed this action on July 18, 2019.  Dkt. 1.  On October 23, 2019, the Army filed its first motion to dismiss or transfer this case on the ground that venue was not proper in the District of Columbia.  *See* Dkt. 5.  On March 9, 2020, the Court ordered the Army to clarify whether its motion was being made pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a), or both.  *See* Min. Order of March 9, 2020.  After the Army clarified that the motion was being made pursuant to 28 U.S.C. § 1406(a), *see* Dkt. 12, the Court denied the Army's motion without prejudice and granted the Army leave to renew its motion.  *See* Minute Order of March 11, 2020.  The Army filed this renewed motion on March 25, 2020.  *See* Dkt. 13.

## II.    LEGAL STANDARDS

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action or claim when venue is improper.  Fed. R. Civ. P. 12(b)(3).  Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires a court to "dismiss, or if it be in the interest of justice, transfer" a case that has been filed "in the wrong division or district."  28 U.S.C. § 1406(a).  On a Rule 12(b)(3) motion, the moving party "must provide sufficient specificity to put the plaintiff on notice" of the potential defect, but "the burden remains on the plaintiff to establish that venue is proper."  *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 50–51 (D.D.C. 2014) (internal quotation marks omitted), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015).  Venue determinations are driven by "commonsense appraisal[s]" of the "events having operative significance in the case."  *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978).

"To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue."  *James v. Verizon Services Corp.*, 639 F. Supp.

2d 9, 11 (D.D.C. 2009). When ruling on a Rule 12(b)(3) motion, "the [C]ourt accepts the plaintiff's well-pled factual allegations regarding venue as true, draw[ing] all reasonable inferences from those allegations in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (internal quotation marks omitted). "The Court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings." *Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015) (internal citation omitted). Unless there is a pertinent factual dispute to resolve, a challenge to venue presents a pure question of law. *Williams v. GEICO*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

### III. ANALYSIS

#### A. Venue Provisions

"[T]he proper venue for litigating a Rehabilitation Act claim is determined by the special venue provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(f)(3)." *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012). Title VII's special venue provisions provide that "a plaintiff may bring suit: (1) where 'the unlawful employment practice is alleged to have been committed,' (2) where 'the employment records relevant to such practice are maintained and administered,' or (3) where 'the aggrieved person would have worked but for the alleged unlawful employment practice.'" *Pendleton*, 552 F. Supp. 2d at 17 (quoting 42 U.S.C. § 2000e-5(f)(3)). If the defendant "is not found within any such district" then the "action may be brought within the judicial district in which the [defendant] has his principal office," 42 U.S.C. § 2000e-5(f)(3).

Here, venue is appropriate in the Eastern District of Virginia under Title VII's first provision because the allegedly unlawful employment practices occurred there, and the third venue provision is inapplicable because O'Meara does not claim that she would have worked in

a different district in the absence of such practices. *See* Am. Compl. ¶¶ 1, 7; Pl.'s Opp'n at 14, Dkt. 14; Def.'s Reply at 3, Dkt. 15.  The parties disagree, however, over whether venue is appropriate in the District of Columbia under Title VII's second venue provision.[3]  *Compare* Pl.'s Opp'n at 3–4, 9, *with* Def.'s Reply at 2.

This Court has made clear that "[u]sing employment records to process an administrative complaint is not 'maintaining and administering' the employment records for purposes of establishing venue under 42 U.S.C. § 2000e-5(f)(3)." *Saran v. Harvey*, 2005 WL 1106347, at *3 (D.D.C. May 9, 2005).  Holding otherwise would "sidestep the language of the statute, which deals not with administrative processing of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice," *Lee v. England*, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004), and would allow venue to lie "merely where any records happen to be located," *Kendrick v. Potter*, 2007 WL 2071670, at *3 (D.D.C. July 16, 2007).

The Army has produced declarations attesting that O'Meara's official employment records are "maintained and administered" at the National Personnel Records Center, which is headquartered in Saint Louis, Missouri, Haugh Decl. ¶¶ 3–7, Dkt. 13-4, and that the employment records located in the Army Corps of Engineers' EEO office in Washington, D.C. are maintained for the purpose of processing O'Meara's EEO claims, *see* Poole Decl. ¶ 3, Dkt. 13-3.  Ordinarily, such evidence would likely satisfy the Army's burden to "present facts that will defeat the plaintiff's assertion of venue." *See Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134,

---

[3] There is no need for the Court to consider the fourth Title VII venue provision, but the Secretary of the Army's "principal office," the Pentagon, is physically located in Arlington, Virginia, also in the Eastern District of Virginia. *See Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 247 (D.D.C. 2007).

135 (D.D.C. 2009) (internal quotation marks omitted); *see also Kendrick*, 2007 WL 2071670, at *3 (noting such declarations "are sufficient to establish where the employment records are maintained and administered").

But O'Meara also has produced declarations which attest that O'Meara's official personnel file was "purged" of various records upon her separation, *see* Bolls Decl. ¶¶ 7–8, Dkt. 14-3, that the vast majority of the employment records relevant to her claims of discrimination—including her accommodation requests, leave requests, and medical folder—are no longer contained within her official personnel file, Second O'Meara Decl. ¶¶ 1, 4–5, Dkt. 14-2, and that O'Meara's EEO records are the only extant version of these records, *see* Bolls Decl. ¶¶ 8, 10. Accordingly, O'Meara contends that her EEO records are the only relevant "master set" of employment records under Title VII's second venue provision. Pl.'s Opp'n. at 11; *see also Taylor v. Shinseki*, 13 F. Supp. 3d 81, 87 (D.D.C. 2014) ("Courts in this district have interpreted this provision to mean that venue is proper in only one district: where the 'master set' of employment records is located.").

This Court has "firmly rejected the argument that the location where Plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong 2 of § 2000e-5(f)(3)." *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 176–77 (D.D.C. 2011). Thus "[w]hile it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment records' within the meaning of the statute." *Amirmokri v. Abraham*, 217 F. Supp. 2d 88, 90–91 (D.D.C. 2002). "Although Congress could easily have written the statute to make venue proper in any judicial district in which employment records may be found, it did not choose to do so." *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988).

Rather, it made venue proper "in the judicial district in which the employment records relevant to such practice are maintained *and administered*." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). A "version" of the employment records were provided to the Army Corps of Engineers' EEO office in Washington, D.C. to assist with the processing of O'Meara's EEO complaint. *See* Poole Decl. ¶ 3. But duplicate records are "insufficient to satisfy Title VII's second venue provision." *Jyachosky v. Winter*, 2006 WL 1805607, at *3 (D.D.C. June 29, 2006); *see also Taylor*, 13 F. Supp. 3d at 87 ("[T]he mere electronic accessibility of the 'master set' of records from other districts does not provide an adequate basis for venue.").

Any purging of records in O'Meara's official employment file, *see* Bolls Decl. ¶ 8, does not transform the duplicate EEO file into a "master set" of employment records such that the EEO office has been tasked with "manag[ing] the affairs of" or "direct[ing] or superintend[ing] the execution" or "use" of O'Meara's employment records. *See* Webster's Third New International Dictionary 27 (1961) (defining the term "administer"). Nor does the imposition of a "litigation hold" on O'Meara's EEO file, *see* Pl.'s Opp'n at 2; Bolls Decl. ¶ 6, change this straightforward conclusion. After all, the EEO file is not a set of "employment records" to begin with. *Amirmokri*, 217 F. Supp. 2d at 90–91 (stressing that EEO records are not "employment records" within the meaning of Title VII's venue provision). Even if it were an employment record, it is not being maintained or administered by the EEO office, which merely oversees the "administrative processing of th[is] litigation," *Lee*, 2004 WL 764441, at *1; *see Saran*, 2005 WL 1106347, at *3 (observing that "using employment records to process an administrative complaint" does not constitute "maintaining and administering" a plaintiff's employment records).

7

While O'Meara was employed at the Army, the Army Corps of Engineers' Civilian Personnel Advisor Center maintained and administered O'Meara's official employment file at her office in Alexandria, Virginia. *See* Haugh Decl. ¶ 3; Bolls Decl. ¶ 8; Pl.'s Opp'n at 9–10. After she left the Army, O'Meara's employment file was transferred from the Alexandria, Virginia office to the Army Corps of Engineers' headquarters in Washington, D.C., and later to the National Personnel Records Center headquarters in Saint Louis, Missouri, pursuant to Army Corps of Engineers' policy.[4] *See* Haugh Decl. ¶¶ 3–5. Thus, to the extent that any office of the Army continues to "maintain and administer" O'Meara's official employment records, it is the National Personnel Records Center. Accordingly, venue is not proper in the District of Columbia.

### B.   Transfer

Having found venue in the District of Columbia to be improper, the Court must determine whether to dismiss the case. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Yet "the interest of justice generally requires transferring a case to

---

[4] Although O'Meara does not appear to dispute that her official employment file was transferred to the National Personnel Records Center headquarters in St. Louis, Missouri, *see* Pl.'s Ex. Letter, Dkt. 14-4; Def.'s Reply at 5, she contends that what remains of her official employment file is now located at the National Personnel Records Center's annex, *see* Pl.'s Ex. Letter; Def.'s Reply at 5, in Valmeyer, Illinois, *see* Pl.'s Opp'n at 2 n.1. The Court need not resolve this factual dispute because both sites are located outside of the District of Columbia.

8

the appropriate judicial district in lieu of dismissal," *Ellis-Smith*, 793 F. Supp. 2d at 177, which is what the Court will do here.

Beyond asserting that venue is proper in the District of Columbia, O'Meara has expressed no preference as to where her claims should be heard. Nonetheless, the Court finds that it is in the interest of justice to transfer the case to the Eastern District of Virginia because, as O'Meara represents, *see* Pl.'s Opp'n at 15, various key witnesses reside in or near that district.

## CONCLUSION

For the foregoing reasons, the Court grants the Army's renewed motion to dismiss or transfer venue, and will transfer this case to the Eastern District of Virginia. A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

September 17, 2020

9